## CHARLES CORNWELL, Respondent, *v.* MATILDA D. WOOLEY, Executrix, &c., Appellant.

*Will—Foreign Witness—Devise to Witness, void when.*

Where there is a devise to one of the subscribing witnesses of a will, and the will can be legally established without the testimony of such devisee—the devise to him does not thereby become void.

Where one of the subscribing witnesses to a will resides out of the State at the time of the probate of the will, and the complete execution of the will can be proved by the resident witness, the will can be established by proving the handwriting of the non-resident witness; in such case a bequest to such non-resident witness is not void.

This action is brought by the Plaintiff as assignee of Joel Parker, to recover a legacy of $500, together with one-fifty-fourth part of the residuary estate, under the will of the late Isaac M. Wooley, of the city of New York, amounting to $1,248. Joel Parker, the legatee and devisee, was one of the witnesses to the will, and at the time of the death of the testator, and ever since, was a resident of the State of New Jersey. The other witness to the will was examined before the Surrogate, and the testimony of Mr. Parker was also taken on the question of the execution of the will. The defence is based upon the claim that the legacy to Parker, and all his interests under the will, are void, on the ground that he was one of the two only subscribing witnesses to the will. The judge at the Special Term, and the General Term of the Second District, held otherwise, and gave judgment for the Plaintiff. The Defendant appeals to this Court.

*Mr. Riggs* for the Appellant.

*Mr. Fuller* for the Respondent.

Hunt, J.—The statute upon this subject is as follows : " If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest, or appointment of any real or personal estate, shall be made to such witness, and such will cannot be proved without the testimony of such witness,

the said devise, &c., shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made " (2 R. S. 65, § 50). The provisions of the statute respecting the execution of a will are as follows: " Every last will and testament shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will; 2. Such subscription shall be made in the presence of attending witnesses, &c.; 3. The testator shall make certain declarations; 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator" (2 R. S. 63, § 40). There being but two witnesses to the will, including the legatee, it is manifest that his name is indispensable to the due execution thereof. The statute which regulates the proof of wills, bearing upon the present point, is as follows: " When any one or more of the subscribing witnesses to such will shall be examined, and the other witnesses are dead, or reside out of the State, or are insane, then such proof shall be taken of the handwriting of the testator, and of the witness or witnesses so dead, absent, or insane, and of such other circumstances as would be sufficient to prove such will on a trial at law" (2 R. S. 58, § 13). " If it shall appear upon the proof taken, that such proof was duly executed; that the testator at the time of executing the same was in all respects competent to devise real estate, and not under restraint, the said will and the proofs and examinations so taken shall be recorded in a book to be provided by the Surrogate, and the record thereof shall be signed and certified by him " (§ 14). Other sections provide that the record of the same shall be competent evidence in all the courts of the State.

It has long been the settled law of this State that the execution of a will may be proved on a trial of law by one witness, if he is able to prove its perfect execution (Jackson v. Vickory, 1 Wend. 416) It is manifest that it is not indispensable in all cases that both the subscribing witnesses to the execution of a will should appear

before the Surrogate to establish its execution; as when one of the witnesses is dead, or resides out of the State, or is insane. In such cases the will may be established before the Surrogate "without the testimony of such witness," and by the testimony of the remaining witness. In the present case Parker was a non-resident of the State, and was within the exceptions mentioned. If the remaining witness was competent to prove the complete execution of the will, that is, its subscription and acknowledgment by the testator, and its attestation by the two witnesses in his presence, and at his request, the will was sufficiently proven under the statute. No objection was made on this ground, and upon an examination the evidence of the remaining witness has been full and complete.

The Appellant claims that the expression, "without the testimony of such witness," should not be confined to the bearing witness or giving evidence by such subscribing witness, in the ordinary sense of those words, but was intended to include all evidence that such person was a witness or took any part in the transaction. The expression in section thirteen, which I have quoted, that proof should be taken of the handwriting of the witness, of the testator, and of other circumstances sufficient to prove the will on a trial at law, and the necessary evidence on such trial of law, rebut this idea.

The will could have been proved without the testimony of Parker. The devise to him does not, therefore, become void, and the present action is well brought. The judgment below should be affirmed.

SCRUGHAM, J.—The Plaintiff's assignor, Joel Parker, was one of the witnesses to the will, and resided out of the State at the time it was proved. On the examination before the Surrogate of the other subscribing witness, Robert Keon, he testified to all of the facts necessary to constitute the execution of the will, as that the subscription to the will was made by the testator in the presence of the witnesses; that at the time of making it he declared the instrument to be his will; that he requested each of the wit-

nesses to sign it as such, and that each of them so signed it in the presence of the testator. As Mr. Parker resided out of the State, this examination of Mr. Keon having been had, no other testimony was necessary to the proof of the will, except proof of the handwriting of the testator and of the non-resident witness, Joel Parker (2 R. S. 58, § 13); and, therefore, as the will could have been proved without the testimony of Joel Parker, the legacy to him is not void (2 R. S. 65, § 50; Caw *v.* Robertson, 1 Seld. 125).

The judgment should be affirmed.

Affirmed.